## Mallon v. Mallon.

*Divorce — Void marriages — Bigamy—Annulment—"Innocent or injured party"—Act of April 14, 1859.*

A man who goes through the ceremony of marriage with a woman knowing that she has obtained only an interlocutory decree of divorce from her husband is not an "innocent or injured party" within the meaning of the Act of April 14, 1859, P. L. 647, and cannot maintain proceedings for the annulment of the marriage.

Exceptions to master's report.  C. P. No. 2, Phila. Co., Dec. T., 1923, No. 143.

*J. Morris Yeakle,* for libellant;  *Arthur E. Hutchinson,* for respondent.

Lewis, J., Dec. 31, 1924.—This case comes before us on libellant's exceptions to the findings and recommendation of the master. The libel prayed for an annulment and the master has found against the libellant on two grounds: First, that libellant is not an innocent and injured party, as required by the Act of April 14, 1859, P. L. 647; and, secondly, that there was a valid common law marriage relation between the libellant and respondent at the time of the filing of the libel.

The libellant and respondent went through a marriage ceremony at Phœnix, Arizona, on Aug. 25, 1918 (under circumstances hereinafter recited), and thereafter resided first in Arizona and later in California, removing thence to Pennsylvania. At the time of this marriage the libellant was a widower. He first became acquainted with the respondent in Los Angeles and learned that respondent was separated from her then husband. Libellant asked respondent to marry him and offered to, and did, pay the costs of a proceeding in divorce instituted by respondent. That suit was filed in March, 1918, in the Superior Court of California. A short time thereafter libellant moved his residence to Phœnix, Arizona, to accept employment there. On Aug. 23, 1918, an interlocutory decree of divorce in favor of the respondent was entered by the Superior Court of California, and respondent notified libellant of the fact by telegraph. Libellant then secured a marriage license in Phœnix, Arizona, and arranged for respondent to come to Arizona to marry him. Upon the arrival of the respondent, they were married on Aug. 25, 1918, at Phœnix, the ceremony being performed by a magistrate. The parties lived as husband and wife for eleven months in Arizona. They then proceeded to San Bernardino, California, and eventually moved to Los Angeles. On Sept. 25, 1919, while they were living in Los Angeles, the Superior Court of California entered the final decree of divorce in the suit which the respondent had instituted against her first husband. The parties continued to reside together in California without any further ceremony of marriage until the fall of 1920, when they both came to Pennsylvania to take up residence. Becoming domiciled in Philadelphia, they lived as husband and wife until a short time before the libel for annulment was filed. The libellant testified before the master that he had never questioned his status as the lawful husband of respondent

Mallon v. Mallon.

and had no reason to do so until he was advised by Philadelphia counsel that the supposed marriage between himself and the respondent was void.

The master has found as a fact that the libellant, prior to his marriage with respondent, knew that only an interlocutory decree in divorce had been obtained by respondent in the suit against her then husband, Clark, and believed that respondent's second marriage to him was invalid only in California. The master finds, also, that libellant later knew of the entering of the final decree against Clark, and that libellant and respondent discussed the advisability of another marriage in the State of California, but no such marriage was ever there performed.

The master found unequivocally that the libellant was not such an injured or innocent party as was contemplated by the Pennsylvania statute. We have carefully considered this case, and affirm this finding of the master. There seems no room for doubt that the libellant was fully informed as to the status of the divorce proceedings which the respondent was prosecuting against Clark, and specifically knew the nature of the interlocutory decree entered in 1918. Hence, he was not an "innocent and injured party." So concluding, it is unnecessary for us to discuss the remaining exceptions dealing with the finding of the master as to a subsisting common law marriage under the laws of Pennsylvania, although if it were essential to decide this point, we would have to rule it adversely to the master, for reasons given in an opinion this day filed by us in the case of Stanley v. J. S. Rogers Co. et al., C. P. No. 2, June T., 1924, No. 1967 [5 D. & C. 527].

The exceptions are dismissed and the master's report is confirmed.